03013  NN:kd
pleadings@benshaplaw.com

FILED
8/11/2021 9:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
14389558

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JESSIE INGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2021L008083 |
| Vs. ) | No. |
| ) | |
| NATIONAL PASSENGER RAILROAD ) | |
| CORPORATION, Individually and d/b/a ) | |
| AMTRAK, CHICAGO UNION STATION ) | |
| COMPANY, CBRE, INC., TOTAL FACILITY ) | |
| MAINTENANCE, INC., and SCRUB, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### COUNT I
### NATIONAL PASSENGER RAILROAD CORPORATION
### Individually and d/b/a AMTRAK

Now comes the Plaintiff, JESSIE INGRAM, by and through her attorneys, BENJAMIN AND SHAPIRO, LTD., and complains of the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, as follows:

1. That on or about the 24th day of August, 2020, the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, owned the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

2. That on or about the 24th day of August, 2020, the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, operated the premises located at

1



Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

3. That on or about the 24th day of August, 2020, the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, controlled the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

4. That on or about the 24th day of August, 2020, the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, managed the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

5. That on or about the 24th day of August, 2020, the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, maintained the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

6. That at all times herein mentioned the Plaintiff, JESSIE INGRAM, was lawfully on said premises.

7. That at all times herein mentioned the Defendant owed a duty to the Plaintiff to use ordinary care in the operation of said premises so that the Plaintiff would not be injured.

8. That at the time and place aforesaid the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, Individually and/or through its agents and employees, was then and there guilty of one or more of the following wrongful acts or omissions, thereby breaching his duty of ordinary care:

    a. Carelessly and negligently operated, managed, maintained and controlled said premises, including the floor in the main concourse

FILED DATE: 8/11/2021 9:59 AM 2021L008083

therein;

    b. Carelessly and negligently allowed a slippery substance to be and remain in an unsafe condition although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    c. Carelessly and negligently failed to remove the slippery substance from the floor in the main concourse area, although the Defendant knew or in the exercise ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    d. Failed to provide the Plaintiff with a safe place to walk;

    e. Failed to warn the Plaintiff of the dangerous condition of the floor area in the main concourse, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    f. Failed to place barricades or other visible warnings around the area to alert the Plaintiff of the dangerous condition.

9. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was caused to slip and fall due to slippery substance on the floor in the main concourse.

10. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was injured in her head, body and limbs, both internally and externally and she suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow her usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, JESSIE INGRAM, prays this Honorable court for Judgment against the Defendant, NATIONAL PASSENGER RAILROAD CORPORATION, Individually and d/b/a AMTRAK, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT II
## CHICAGO UNION STATION COMPANY

Now comes the Plaintiff, JESSIE INGRAM, by and through her attorneys, BENJAMIN AND SHAPIRO, LTD., and complains of the Defendant, CHICAGO UNION STATION COMPANY, as follows:

1. That on or about the 24th day of August, 2020, the Defendant, CHICAGO UNION STATION COMPANY, owned the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

2. That on or about the 24th day of August, 2020, the Defendant, CHICAGO UNION STATION COMPANY, operated the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

3. That on or about the 24th day of August, 2020, the Defendant, CHICAGO UNION STATION COMPANY, controlled the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

4. That on or about the 24th day of August, 2020, the Defendant, CHICAGO UNION STATION COMPANY, managed the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

5. That on or about the 24th day of August, 2020, the Defendant, CHICAGO UNION STATION COMPANY, maintained the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

6. That at all times herein mentioned the Plaintiff, JESSIE INGRAM, was lawfully on said premises.

7. That at all times herein mentioned the Defendant owed a duty to the Plaintiff to use ordinary

FILED DATE: 8/11/2021 9:59 AM 2021L008083

care in the operation of said premises so that the Plaintiff would not be injured.

8. That at the time and place aforesaid the Defendant, CHICAGO UNION STATION COMPANY, Individually and/or through its agents and employees, was then and there guilty of one or more of the following wrongful acts or omissions, thereby breaching his duty of ordinary care:

    a. Carelessly and negligently operated, managed, maintained and controlled said premises, including the floor in the main concourse therein;

    b. Carelessly and negligently allowed a slippery substance to be and remain in an unsafe condition although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    c. Carelessly and negligently failed to remove the slippery substance from the floor in the main concourse area, although the Defendant knew or in the exercise ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    d. Failed to provide the Plaintiff with a safe place to walk;

    e. Failed to warn the Plaintiff of the dangerous condition of the floor area in the main concourse, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    f. Failed to place barricades or other visible warnings around the area to alert the Plaintiff of the dangerous condition.

9. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was caused to slip and fall due to slippery substance on the floor in the main concourse.

10. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was injured in her head, body and limbs, both internally and externally and she suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow her usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, JESSIE INGRAM, prays this Honorable court for Judgment against the Defendant, CHICAGO UNION STATION COMPANY, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT III
## CBRE, INC.

Now comes the Plaintiff, JESSIE INGRAM, by and through her attorneys, BENJAMIN AND SHAPIRO, LTD., and complains of the Defendant, CBRE, INC., as follows:

1. That on or about the 24th day of August, 2020, the Defendant, CBRE, INC., operated the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

2. That on or about the 24th day of August, 2020, the Defendant, CBRE, INC., controlled the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

3. That on or about the 24th day of August, 2020, the Defendant, CBRE, INC., managed the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

4. That on or about the 24th day of August, 2020, the Defendant, CBRE, INC., maintained the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

5. That at all times herein mentioned the Plaintiff, JESSIE INGRAM, was lawfully on said premises.

FILED DATE: 8/11/2021 9:59 AM 2021L008083

6. That at all times herein mentioned the Defendant owed a duty to the Plaintiff to use ordinary care in the operation of said premises so that the Plaintiff would not be injured.

7. That at the time and place aforesaid the Defendant, CBRE, INC., Individually and/or through its agents and employees, was then and there guilty of one or more of the following wrongful acts or omissions, thereby breaching his duty of ordinary care:

    a. Carelessly and negligently operated, managed, maintained and controlled said premises, including the floor in the main concourse therein;

    b. Carelessly and negligently allowed a slippery substance to be and remain in an unsafe condition although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    c. Carelessly and negligently failed to remove the slippery substance from the floor in the main concourse area, although the Defendant knew or in the exercise ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    d. Failed to provide the Plaintiff with a safe place to walk;

    e. Failed to warn the Plaintiff of the dangerous condition of the floor area in the main concourse, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    f. Failed to place barricades or other visible warnings around the area to alert the Plaintiff of the dangerous condition.

8. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was caused to slip and fall due to slippery substance on the floor in the main concourse.

9. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was injured in her head, body and limbs, both internally and externally and she suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow her usual

occupation as a result of said injuries.

WHEREFORE, Plaintiff, JESSIE INGRAM, prays this Honorable court for Judgment against the Defendant, CBRE, INC., in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT IV
## TOTAL FACILITY MAINTENANCE, INC.

Now comes the Plaintiff, JESSIE INGRAM, by and through her attorneys, BENJAMIN AND SHAPIRO, LTD., and complains of the Defendant, TOTAL FACILITY MAINTENANCE, INC., as follows:

1. That on or about the 24th day of August, 2020, the Defendant, TOTAL FACILITY MAINTENANCE, INC., operated the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

2. That on or about the 24th day of August, 2020, the Defendant, TOTAL FACILITY MAINTENANCE, INC., controlled the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

3. That on or about the 24th day of August, 2020, the Defendant, TOTAL FACILITY MAINTENANCE, INC., managed the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

4. That on or about the 24th day of August, 2020, the Defendant, TOTAL FACILITY MAINTENANCE, INC., maintained the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

FILED DATE: 8/11/2021 9:59 AM 2021L008083

5. That at all times herein mentioned the Plaintiff, JESSIE INGRAM, was lawfully on said premises.

6. That at all times herein mentioned the Defendant owed a duty to the Plaintiff to use ordinary care in the operation of said premises so that the Plaintiff would not be injured.

7. That at the time and place aforesaid the Defendant, TOTAL FACILITY MAINTENANCE, INC., Individually and/or through its agents and employees, was then and there guilty of one or more of the following wrongful acts or omissions, thereby breaching his duty of ordinary care:

    a. Carelessly and negligently operated, managed, maintained and controlled said premises, including the floor in the main concourse therein;

    b. Carelessly and negligently allowed a slippery substance to be and remain in an unsafe condition although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    c. Carelessly and negligently failed to remove the slippery substance from the floor in the main concourse area, although the Defendant knew or in the exercise ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    d. Failed to provide the Plaintiff with a safe place to walk;

    e. Failed to warn the Plaintiff of the dangerous condition of the floor area in the main concourse, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    f. Failed to place barricades or other visible warnings around the area to alert the Plaintiff of the dangerous condition.

8. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was caused to slip and fall due to slippery substance on the floor in the main concourse.

9. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was injured in her head, body and limbs, both internally and externally and she suffered bodily pain and injury from

FILED DATE: 8/11/2021 9:59 AM    2021L008083

9

FILED DATE: 8/11/2021 9:59 AM 2021L008083

then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow her usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, JESSIE INGRAM, prays this Honorable court for Judgment against the Defendant, TOTAL FACILITY MAINTENANCE, INC., in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT V
## SCRUB, INC.

Now comes the Plaintiff, JESSIE INGRAM, by and through her attorneys, BENJAMIN AND SHAPIRO, LTD., and complains of the Defendant, SCRUB, INC., as follows:

1. That on or about the 24th day of August, 2020, the Defendant, SCRUB, INC., operated the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

2. That on or about the 24th day of August, 2020, the Defendant, SCRUB, INC., controlled the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

3. That on or about the 24th day of August, 2020, the Defendant, SCRUB, INC., managed the premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

4. That on or about the 24th day of August, 2020, the Defendant, SCRUB, INC., maintained the

premises located at Union Station, 255 South Canal Street, Chicago, Cook County, Illinois, including, but not limited to, the walking area in the main concourse.

5. That at all times herein mentioned the Plaintiff, JESSIE INGRAM, was lawfully on said premises.

6. That at all times herein mentioned the Defendant owed a duty to the Plaintiff to use ordinary care in the operation of said premises so that the Plaintiff would not be injured.

7. That at the time and place aforesaid the Defendant, SCRUB, INC., Individually and/or through its agents and employees, was then and there guilty of one or more of the following wrongful acts or omissions, thereby breaching his duty of ordinary care:

    a. Carelessly and negligently operated, managed, maintained and controlled said premises, including the floor in the main concourse therein;

    b. Carelessly and negligently allowed a slippery substance to be and remain in an unsafe condition although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    c. Carelessly and negligently failed to remove the slippery substance from the floor in the main concourse area, although the Defendant knew or in the exercise ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    d. Failed to provide the Plaintiff with a safe place to walk;

    e. Failed to warn the Plaintiff of the dangerous condition of the floor area in the main concourse, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking in the area;

    f. Failed to place barricades or other visible warnings around the area to alert the Plaintiff of the dangerous condition.

8. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was caused to slip and fall due to slippery substance on the floor in the main concourse.

9. That as a direct and proximate result thereof the Plaintiff, JESSIE INGRAM, was injured in

11

FILED DATE: 8/11/2021 9:59 AM 2021L008083

FILED DATE: 8/11/2021 9:59 AM 2021L008083

her head, body and limbs, both internally and externally and she suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow her usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, JESSIE INGRAM, prays this Honorable court for Judgment against the Defendant, SCRUB, INC., in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

*Corey A. Benjamin*
COREY A. BENJAMIN
Attorney for Plaintiff

03013
BENJAMIN AND SHAPIRO, LTD.
180 North LaSalle Street, 2600
Chicago, Illinois 60601
312-641-5944
pleadings@benshaplaw.com

12

03013 NN:kd
pleadings@benshaplaw.com

FILED
8/11/2021 9:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L008083

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JESSIE INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) No. 2021L008083 |
| | ) |
| NATIONAL PASSENGER RAILROAD | ) |
| CORPORATION, Individually and d/b/a | ) |
| AMTRAK, CHICAGO UNION STATION | ) |
| COMPANY, CBRE, INC., TOTAL FACILITY | ) |
| MAINTENANCE, INC., and SCRUB, INC., | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

The undersigned, one of the Attorneys for the Plaintiffs herein, states that this is a civil action seeking money damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes that same to be true.

*Corey A. Benjamin*
COREY A. BENJAMIN
Attorney for Plaintiffs

03013
BENJAMIN AND SHAPIRO, LTD.
180 North LaSalle Street
Chicago, Illinois 60601
Phone: (312) 641-5944
pleadings@benshaplaw.com

13